**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **MARIANNA MILLER** | § § | |
| **v.** | § § § | **CASE NO.** 1-10-CV-212 |
| **UNITED STATES OF AMERICA** | § | |

## ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Marianna Miller, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Alternatively, movant requested a writ of coram nobis. The Court ordered that this matter be referred to the Honorable Earl Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. Upon the retirement of Judge Hines, the matter was assigned to his successor, Magistrate Judge Hawthorn. Magistrate Judge Hawthorn has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends dismissing the motion to vacate sentence as barred by the statute of limitations. The Magistrate Judge also recommended denying the petition for writ of coram nobis.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation.

The statute of limitations for filing a motion to vacate sentence expired on April 9, 2010. Movant contends she attempted to file the motion on April 8, 2010, but the Clerk's Office was

1

closed, so she placed the motion in the mail on that date. The envelope containing the motion was postmarked on April 12, 2010, and was not received by the Clerk of Court until April 13, 2010.

Citing Federal Rule of Civil Procedure 6(a)(3)(A), movant argues that she had until the next day the Clerk's Office was accessible to file the motion, which she contends was April 12, 2010. This argument lacks merit. The court's own records disclose that the Clerk's Office was open during business hours on April 8, 2010, which means the motion could have been filed until 5:00 p.m. on that date. Movant was not entitled to additional time under Rule 6 for attempting to file the motion outside of regular business hours. Second, the motion was not filed the next day the Clerk's Office was accessible, which, the court's own records reveal was Friday, April 9, 2010; it was filed on Tuesday, April 13, 2010. *See United States v. Valencia*, 44 F.3d 269, 272 n. 3 (5th Cir. 1995)(stating that courts may take judicial notice of their own records).

Movant also argues that Federal Rule of Appellate Procedure 25(a)(2)(B) allows a brief to be considered as filed the day it is placed in the mail. Movant ignores the general rule that a filing by mail is not timely unless the Clerk receives the papers within the time fixed for filing. FED. R. APP. P. 25(a)(2)(A). Rule 25(a)(2)(B) allows exceptions to the general rule for briefs and appendixes filed on appeal in cases that have already been timely appealed and docketed. It does not apply so as to extend the limitations period for filing a civil action in the district court.

Movant contends that Magistrate Judge Earl S. Hines previously ruled that the motion was timely. At an early stage of the proceedings, Magistrate Judge Hines stated in an order withdrawing his Report, which recommended dismissing the motion as time-barred, that "it appears that the motion to vacate sentence was timely filed." That statement was not a final ruling on whether the

motion was timely filed. The government subsequently moved to dismiss the § 2255 motion, and movant filed a reply. Based on the record before the Court and a careful review of the law, it is clear that the motion is barred by the statute of limitations.

Movant correctly points out that it took a long time for the Magistrate Judge to decide whether the motion to vacate, set aside, or correct the sentence was timely. Efforts are being made to avoid such delays in the future. But, given that the decision is correct, Movant does not show how she was prejudiced by the unfortunate delay. Had the Report and Recommendation been issued in July 2010 after the Government filed its response, or in September 2011 after Miller's case was reassigned to Judge Hawthorn due to the retirement of Judge Hines, the result would have been the same.

After careful consideration of each of movant's objections, the Court concludes they are without merit. The motion to vacate, set aside or correct sentence was filed after the statute of limitations expired, and should be dismissed as untimely. For the reasons stated in the Magistrate Judge's Report and Recommendation, movant is not entitled to a writ of coram nobis.

In this case, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that she should prevail on the merits. Rather, she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to

proceed further. *See Slack*, 529 U.S. at 483-84. If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.* at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81.

Here, the movant has not shown that any of the issues raised by her claims are subject to debate among jurists of reason, or that the procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. The movant has failed to make a sufficient showing to merit the issuance of a certification of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **12** day of **March, 2013.**

_____
Ron Clark, United States District Judge